**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

ALEX GUILLERMO SANCHEZ,

      Plaintiff,

v.                                                              No. CV 18-989 CG

NANCY A. BERRYHILL,
Acting Commissioner of
Social Security Administration,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff Alex G. Sanchez' *Motion to Reverse and Remand for a Rehearing with Supporting Memorandum* (the "Motion"), (Doc. 15), filed March 7, 2019; Defendant Commissioner Nancy A. Berryhill's *Brief in Response to Plaintiff's Motion to Reverse and Remand the Agency's Administrative Decision* (the "Response"), (Doc. 17), filed May 7, 2019; and Mr. Sanchez' *Reply in Support of Motion to Reverse and Remand for a Rehearing with Supportive Memorandum*, (the "Reply"), (Doc. 18), filed May 21, 2019.

Mr. Sanchez filed applications for disability insurance benefits and supplemental security income on September 6, 2014. (Administrative Record "AR" 293, 299). In both of his applications, Mr. Sanchez alleged disability beginning July 18, 2014. (AR 293, 299). Mr. Sanchez claimed he was limited in his ability to work due to arthritis in his knees, diabetes, and a history of falling. (AR 316). Mr. Sanchez' applications were denied initially on December 2, 2014 and upon reconsideration on October 5, 2015. (AR 209, 212, 221).

Mr. Sanchez requested a hearing before an Administrative Law Judge ("ALJ"),

1

which was held on February 21, 2017 before ALJ Lillian Richter. (AR 127). At the hearing, Mr. Sanchez appeared before ALJ Richter with a non-attorney representative, Vick Kendahl, and a non-partial Vocational Expert ("VE"), Kathleen Mundi. *Id.* ALJ Richter issued her decision on October 17, 2017 finding Mr. Sanchez not disabled at any time between his initial filing date through the date of her opinion. (AR 71). After ALJ Richter's decision, Mr. Sanchez submitted additional medical evidence for review by the Appeals Council. (AR 11-22, 30-31, 51-53). Shortly thereafter, the Appeals Council denied Mr. Sanchez' request for review, (AR 1-4), making ALJ Richter's opinion the Commissioner's final decision for purposes of judicial review.

Mr. Sanchez, now represented by attorney Michael Armstrong, argues in his Motion that the Appeals Council committed reversible error in not considering additional evidence submitted for review and ALJ Richter failed to properly evaluate his impairments under Listing 1.02(A). (Doc. 15 at 1). The Court has reviewed the Motion, the Response, the Reply, and the relevant law. Additionally, the Court has meticulously reviewed the administrative record. Because the Appeals Council erred in not reviewing additional evidence submitted after ALJ Richter's decision, the Court finds that Mr. Sanchez' Motion should be **GRANTED** and this matter be **REMANDED** for further proceedings.

**I.     Standard of Review**

The standard of review in a Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether the correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008) (citing *Hamilton v. Sec'y of Health & Human Servs.*, 961 F.2d 1495, 1497-98

(10th Cir. 1992)). If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision stands and the plaintiff is not entitled to relief. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004); *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004); *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). The Commissioner's "failure to apply the correct legal standards, or to show . . . that she has done so, are also grounds for reversal." *Winfrey v. Chater*, 92 F.3d 1017, 1019 (10th Cir. 1996) (citing *Washington v. Shalala*, 37 F.3d 1437, 1439 (10th Cir. 1994)). A court should meticulously review the entire record but should neither re-weigh the evidence nor substitute its judgment for the Commissioner's. *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214. A court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which is generally the ALJ's decision, rather than the Appeals Council's denial of review. *O'Dell v. Shalala*, 44 F.3d 855, 858 (10th Cir. 1994).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214; *Doyal*, 331 F.3d at 760. An ALJ's decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214. While the Court may not re-weigh the evidence or try the issues *de novo*, its examination of the record must include "anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ]'s findings from

being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

II.     **Applicable Law and Sequential Evaluation Process**

For purposes of supplemental security income and disability insurance benefits, a claimant establishes a disability when he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A), 42 U.S.C. § 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). In order to determine whether a claimant is disabled, the Commissioner follows a five-step sequential evaluation process ("SEP"). *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920.

At the first four steps of the SEP, the claimant bears the burden of showing: (1) he is not engaged in "substantial gainful activity"; (2) he has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; and either (3) his impairment(s) meet or equal one of the "listings"[1] of presumptively disabling impairments; or (4) he is unable to perform his "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(i–iv); *see also Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). If the ALJ determines the claimant cannot engage in past relevant work, the ALJ will proceed to step five of the evaluation process. At step five, the Commissioner bears the burden of showing that the claimant is able to perform other work in the national economy, considering the claimant's

---

1.     20 C.F.R. pt. 404, subpt. P, app. 1.

residual functional capacity ("RFC"), age, education, and work experience. *Grogan*, 399 F.3d at 1261.

### III. Background

Mr. Sanchez claimed he was limited in his ability to work due to arthritis in his knees, diabetes, and a history of falling. (AR 316). At step one, ALJ Richter determined that Mr. Sanchez had not engaged in substantial gainful activity since July 18, 2014, the alleged disability onset date. (AR 63). At step two, ALJ Richter found that Mr. Sanchez has the following severe impairments: diabetes mellitus, peripheral neuropathy, degenerative disk disease in the lumbar and thoracic spine, chronic ligament tear, osteoarthritis in the left knee, obesity, depression, and anxiety. *Id.*

At step three, ALJ Richter determined that none of Mr. Sanchez' impairments, solely or in combination, equaled one of the listed impairments in 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926. (AR 64). ALJ Richter then found that Mr. Sanchez has the RFC to perform sedentary work with the following limitations: he can occasionally stoop, climb ramps, and climb stairs; he can never kneel, crouch, crawl, balance, or climb ladders, ropes or scaffolds; he should avoid exposure to unprotected heights and moving mechanical parts; he is limited to work that is primarily performed at the workstation; he may require use of a handheld assistive device for ambulation; he is limited to simple, routine work, and occasional interaction with supervisors, coworkers, and members of the public. (AR 65-66).

In formulating Mr. Sanchez' RFC, ALJ Richter stated that she considered Mr. Sanchez' symptoms and the extent to which those symptoms can reasonably be accepted as consistent with objective medical and other evidence, as required by 20

C.F.R. §§ 404.1529, 416.929 and Social Security Ruling ("SSR") 96-4p. (AR 66). In addition, ALJ Richter stated that she considered opinion evidence consistent with the requirements of 20 C.F.R. §§ 404.1527 and 416.927. *Id.* ALJ Richter concluded that some of Mr. Sanchez' impairments could be expected to cause his alleged symptoms, but she found that the intensity, persistence, and limiting effects that Mr. Sanchez described were not entirely consistent with the evidence in the record. *Id.*

Turning to the medical evidence in the record, ALJ Richter stated that she gave "very little weight" to the opinion of Edward Auyang, M.D. and "little weight" to the opinions of John Franco, M.D. and State Agency psychologist B. Rudnick, M.D. (AR 68, 69). Conversely, ALJ Richter gave "significant weight" to the opinions of State Agency physicians Sharon Keith, M.D. and B. Duong, M.D., finding their assessments "generally consistent with the objective medical evidence" in the record. (AR 68, 69). In addition, ALJ Richter considered Mr. Sanchez' testimony at the hearing, (AR 68), and other medical evidence from previous physicians who treated Mr. Sanchez on a one-time or repeated basis, (AR 66-68).

At step four, ALJ Richter found that Mr. Sanchez is unable to perform his past relevant work as a cook or a dietary aide. (AR 69). ALJ Richter then moved to step five, noting that Mr. Sanchez was 44 years old on the alleged disability onset date, and was therefore classified as a younger individual in accordance with the Regulations. *Id.* At this step, ALJ Richter also determined that Mr. Sanchez has at least a high school education and is able to communicate in English. *Id.*

Further, ALJ Richter explained that if Mr. Sanchez had the RFC to perform the full range of sedentary work, a finding of not disabled would be directed by Medical-

Vocational Rule 202.21. (AR 70). However, ALJ Richter found that Mr. Sanchez' limitations impeded his ability to perform the full range of sedentary work. *Id.* Therefore, ALJ Richter relied on the testimony of the VE to determine applicable jobs Mr. Sanchez could perform in the national economy. *Id.* ALJ Richter noted that the VE testified at the hearing that an individual with Mr. Sanchez' same age, education, work experience, and RFC could perform the jobs of hand labeler, final assembler, and hand sorter. *Id.* After finding the VE's testimony consistent with the Dictionary of Occupational Titles, ALJ Richter adopted the testimony of the VE and concluded that, because Mr. Sanchez is capable of performing work existing in significant numbers in the national economy, he is not disabled pursuant to 20 C.F.R. §§ 404.1520(g) and 416.920(g). (AR 70-71).

**IV.    Analysis**

Mr. Sanchez presents two arguments in his Motion before the Court. (Doc. 15). He first argues the Appeals Council erred in determining that evidence he submitted was not "new, material, and chronologically pertinent." *Id.* at 1. Second, Mr. Sanchez argues ALJ Richter failed to properly evaluate his impairments under Listing 1.02 at step three of the sequential evaluation process. *Id.* In response, the Commissioner contends the additional evidence Mr. Sanchez introduced was not chronologically pertinent because the medical opinions were issued six months after ALJ Richter's written decision. (Doc. 17 at 19-20). Furthermore, the Commissioner claims Mr. Sanchez "cannot establish that he consistently met or equaled[] all of the criteria for the requisite durational period" to satisfy Listing 1.02. *Id.* at 17.

### a. Appeals Council Review

After ALJ Richter issued her decision in October 2017, Mr. Sanchez submitted additional medical records to the Appeals Council that supported his claim of disability. Notably, Mr. Sanchez submitted medical records from Lovelace Medical Center, the University of New Mexico Hospitals, and other medical facilities where he previously sought treatment. (AR 2). However, Mr. Sanchez only alleges error in the Appeals Council's decision relating to five documents authored by Dr. Padilla and Dr. Franco. These documents include: an "Assessment of Ability to do Work-Related Activities (Physical)," authored by Dr. Franco and dated January 18, 2018, (AR 51-53); an "Assessment of Ability to do Work-Related Activities (Non-Physical)," authored by Dr. Franco and dated April 15, 2018, (AR 30-31); a "Medical Assessment of Ability to do Work-Related Activities (Mental)," authored by Dr. Padilla and dated April 30, 2018, (AR 20-21); a "Psychological Evaluation," authored by Dr. Padilla and dated April 30, 2018, (AR 11-19); and a form entitled "12.04 Affective Disorders," authored by Dr. Padilla and dated April 30, 2018, (AR 22).

On August 28, 2018, the Appeals Council notified Mr. Sanchez that it would not review his newly submitted evidence because it "[did] not relate to the period at issue." (AR 2). Mr. Sanchez argues that although the medical reports were dated after ALJ Richter issued her decision, the reports instructed the physicians to consider his "medical history and chronicity of findings as from 2014 to current examination." (Doc. 15 at 19). In response, the Commissioner contends "the fact that these doctors may have considered evidence from the relevant time period does not mean that their

opinions [] reflect back to [Mr. Sanchez'] functioning during the relevant time period." (Doc. 17 at 19).

The Appeals Council must review additional evidence submitted after the ALJ's decision if the evidence is "new, material, and chronologically pertinent." 20 C.F.R. § 404.970(b); *Chambers v. Barnhart*, 389 F.3d 1139, 1142 (10th Cir. 2004). The question of whether evidence should have been reviewed by the Appeals Council is a question of law, subject to *de novo* review. *See, e.g., Krauser v. Astrue*, 638 F.3d 1324, 1328 (10th Cir. 2011); *Chambers*, 389 F.3d at 1142. If the court determines that additional evidence is new, material, and chronologically pertinent, but the Appeals Council failed to consider it, the case should be remanded to allow the Appeals Council to reevaluate the ALJ's decision in light of the additional evidence. *Chambers*, 389 F.3d at 1142.

      *i. Whether the Evidence is "New"*

Evidence submitted to the Appeals Council is considered new "if it is not duplicative or cumulative" of other evidence in the record. *Threet v. Barnhart*, 353 F.3d 1185, 1191 (10th Cir. 2003) (citation omitted). Here, Mr. Sanchez contends the medical reports submitted to the Appeals Council "were obviously new because they did not exist at the time ALJ Richter issued her decision." (Doc. 15 at 16). Further, Mr. Sanchez argues the reports are not duplicative or cumulative because "the record does not contain opinions pertaining to specific limitations." *Id.* The Commissioner does not contest Mr. Sanchez' argument. *See* (Doc. 17 at 17-23). Therefore, after reviewing the record, the Court agrees with Mr. Sanchez that the evidence before the Appeals Council was neither duplicative nor cumulative, and thus qualifies as new.

> ii. Whether the Evidence is "Material"

Evidence submitted after the ALJ's decision is material to the determination of disability "if there is a reasonable possibility that [it] would have changed the outcome." *Threet*, 353 F.3d at 1191. Here, ALJ Richter found that Mr. Sanchez has the RFC to perform sedentary work with, *inter alia*, the following limitations: he can occasionally stoop, climb ramps, and climb stairs; he can never kneel, crouch, crawl, balance, or climb ladders, ropes or scaffolds; he is limited to work that is primarily performed at the workstation; and he is limited to simple, routine work, and occasional interaction with supervisors, coworkers, and members of the public. (AR 65-66).

Conversely, the additional evidence from both Dr. Franco and Dr. Padilla imposes significantly greater limitations on Mr. Sanchez' abilities. For example, Dr. Franco opined that Mr. Sanchez can never stoop or climb stairs and ramps. (AR 52). In addition, Dr. Padilla opined that Mr. Sanchez has "marked" impairments in his abilities to: carry out detailed instructions; maintain attention and concentration for extended periods of time; perform activities within a schedule; maintain regular attendance and be punctual within customary tolerances; sustain an ordinary routine without special supervision; complete a normal workday and workweek without interruptions from psychological based symptoms; and perform at a consistent pace without an unreasonable number and length of rest periods. (AR 20).

If ALJ Richter had incorporated these findings in her RFC determination, she would have assessed greater limitations regarding both Mr. Sanchez' physical and mental impairments. As such, there is a "reasonable possibility" that this evidence would have changed the outcome of ALJ Richter's decision and it therefore qualifies as

material. *See* Social Security Administration Program Operations Manual System, POMS § 25020.010(B)(2)(A) (explaining that "mental abilities needed for any job" include the ability to maintain concentration and attention for extended periods, perform activities within a schedule, maintain regular attendance and be punctual, and to work in coordination with or in proximity to others).

The Commissioner disputes this conclusion by arguing the additional evidence submitted for review is not supported by the record. (Doc. 17 at 20-22). For example, the Commissioner argues the "record of mild depression and improvement with treatment conflicts with Dr. Padilla's April 2018 opinion," and "the record suggests [Mr. Sanchez'] depression was mild at best." *Id* at 20, 21. The Commissioner's argument is inconsistent with the Court's primary role when evaluating a denial of review by the Appeals Council.

Specifically, the Tenth Circuit Court of Appeals has explained that when a claimant submits new evidence to the Appeals Council – and the Appeals Council accepts and considers that evidence – it becomes a part of the record to be considered by the district court in performing its review. *Vallejo v. Berryhill*, 849 F.3d 951, 955 (10th Cir. 2017). However, here, the Appeals Council did not accept the additional evidence when it denied Mr. Sanchez' request to review ALJ Richter's decision. (AR 2). Therefore, the question before this Court is not whether the evidence is supported by the record, but rather, whether the Appeals Council should have considered the evidence. *See Padilla v. Colvin*, 525 Fed. Appx. 710, 712, n.1 (10th Cir. May 9, 2013) (unpublished) (distinguishing the questions before the court when the Appeals Council

rejects additional evidence in denying review and when the Appeals Council accepts and considers evidence in denying review).

It is therefore improper for the Court to perform an analysis of whether ALJ Richter's decision is supported by substantial evidence because the additional evidence was not first considered at the administrative level. *See Chambers*, 389 F.3d at 1143 (explaining the Appeals Council "has the responsibility to determine in the first instance whether, following submission of additional, qualifying evidence, the ALJ's decision is contrary to the weight of the evidence currently of record"), and *Threet*, 353 F.3d at 1191 (explaining that, if the Appeals Council fails to consider qualifying new evidence, the case should be remanded so the Appeals Council may reevaluate the ALJ's decision in light of the complete evidence). Consistent with this understanding, the Court will decline the Commissioner's invitation to weigh ALJ Richter's opinion or otherwise analyze whether her rationale was supported by substantial evidence. Rather, the Court concludes that because Dr. Padilla and Dr. Franco's newly submitted reports are likely to change ALJ Richter's decision if accepted for review, these reports are material.

*iii. Whether the Evidence is "Chronologically Pertinent"*

Finally, the Court must determine whether the additional evidence is chronologically pertinent. The Tenth Circuit has explained that evidence submitted to the Appeals Council is chronologically pertinent when it relates to the time period on or before the ALJ's decision. *Chambers*, 389 F.3d at 1142. In addition, newly submitted evidence is chronologically pertinent if it corroborates a prior diagnosis or a claimant's hearing testimony, and the evidence need not pre-date the ALJ's decision. *Padilla*, 525

Fed. Appx. at 713. As such, the additional evidence does not need to include a retrospective opinion about the claimant's limitations prior to the ALJ's opinion. *Id.* However, the Appeals Council is not required to consider additional evidence that related to the existence of a possible impairment that had never been complained of by the claimant and was not introduced before the ALJ. *See Chambers*, 389 F.3d at 1144.

Here, Mr. Sanchez argues the medical opinions proffered by Dr. Franco and Dr. Padilla are chronologically pertinent for a number of reasons, the first being that both doctors were asked to consider his "medical history and chronicity of findings as from 2014 to current examination." (Doc. 15 at 29). In addition, Mr. Sanchez argues he began treatment with Dr. Franco two years before ALJ Richter issued her decision, illustrating that his opinion relates back to the period at issue. (Doc. 18 at 3). The Commissioner responds by arguing "the fact that these doctors may have considered evidence from the relevant time period does not mean that their opinions [] reflect or relate back to [Mr. Sanchez'] functioning during the relevant time period." (Doc. 17 at 19). In addition, the Commissioner highlights inconsistencies between the two reports authored by Dr. Franco, "further supporting a conclusion that he was offering opinions of [Mr. Sanchez'] real-time limitations rather than a retrospective opinion." *Id.*

Each of the documents submitted to the Appeals Council for review were authored after ALJ Richter's decision. *See* (AR 2). Therefore, to be chronologically pertinent, the documents must either corroborate Mr. Sanchez' prior diagnoses or hearing testimony, or otherwise "relate back" to the time period relevant to ALJ Richter's decision. *See Chambers*, 389 F.3d at 1142; *Padilla*, 525 Fed. Appx. at 713. The Court will address the chronological pertinence of each document in turn.

13

First, the Assessment of Ability to do Work-Related Activities (Physical) details Mr. Sanchez' ability to: lift and carry; sit, stand, and walk; reach, handle, finger, and push/pull; operate foot controls; climb stairs and ramps; and balance, stoop, kneel, and crouch. (AR 51-53). This Assessment augments Mr. Sanchez' severe impairment of degenerative disk disease, evaluated by ALJ Richter pursuant to Listing 1.04 as an "inability to perform fine and gross movements effectively," and an "inability to sustain a reasonable walking pace." (AR 64). In addition, the Assessment corroborates Mr. Sanchez' hearing testimony regarding his difficultly walking and balancing (AR 136, 138), squatting (AR 138), sitting for extended periods (AR 139), and standing (AR 144, 145). As such, the Assessment should have been accepted for review by the Appeals Council because it corroborates Mr. Sanchez' hearing testimony and further supplements ALJ Richter's assessment of degenerative disk disease. Therefore, this document is chronologically pertinent.

Second, the Assessment of Ability to do Work-Related Activities (Non-Physical) details Mr. Sanchez' ability to: maintain attention and concentration for extended periods; perform activities within a schedule; maintain regular attendance and be punctual within customary tolerances; maintain physical effort for long periods of time without a need to decrease activity or pace, or to rest intermittently; sustain an ordinary routine without special supervision; complete a normal workday and workweek without interruptions from pain or fatigue based symptoms; and to perform at a consistent pace without an unreasonable number and length of rest periods. (AR 31). This Assessment corroborates the limitations Mr. Sanchez described as a result of his severe depression and anxiety. *See* (AR 65) (noting that Mr. Sanchez reported "serious limitation[s]" in his

abilities to understand, remember and apply information, and concentrate, persist, and maintain a pace). In addition, the Assessment relates to Dr. Rudnick's report evaluating Mr. Sanchez' limitations, including his finding of mild restriction in activities of daily living and mild difficulties in maintaining social functioning, concentration, persistence, and pace. (AR 69). It was therefore erroneous for the Appeals Council to not review this document. *See Padilla*, 525 Fed. Appx. at 713 (finding evidence chronologically pertinent when it "relates to and augments" a physician's earlier report).

Similarly, the Medical Assessment of Ability to do Work-Related Activities (Mental) describes Mr. Sanchez' limitations in: remembering locations and work-like procedures; understanding, remembering, and carrying out very short and simple instructions; understanding, remembering, and carrying out detailed instructions; maintaining attention and concentration for extended periods of time; performing activities within a schedule; maintaining regular attendance and being punctual within customary tolerances; sustaining an ordinary routine without special supervision; and other limitations regarding concentration and persistence, social interactions, and adaptation. (AR 20-21). This Assessment similarly corroborates the limitations Mr. Sanchez described as a result of his severe depression and the symptoms reported by Dr. Rudnick in his evaluation. (AR 65, 69). As such, the Appeals Council should have considered this document.

Next, the Psychological Evaluation assessed a wide range of Mr. Sanchez' abilities, including: reported difficulties using stairs, balancing, and bending, (AR 13); feelings of helplessness, hopelessness, and despair, *id.*; a "slow pained gait," (AR 14); a diagnosis of "Major Depressive Disorder, Recurrent," and "Diabetes Mellitus type 2,"

15

(AR 18); and a mild impairment in the ability to understand and remember basic instructions, (AR 19). This Evaluation corroborates Mr. Sanchez' hearing testimony regarding his difficultly walking, balancing, and standing. (AR 136, 138, 144). In addition, the Evaluation corroborates Dr. Rudnick's diagnosis of depression and Mr. Sanchez' "remote history" of diabetes mellitus. (AR 66, 69). As such, this document is chronologically pertinent and should have been considered by the Appeals Council.

Finally, the form entitled "12.04 Affective Disorders" details Mr. Sanchez' mental and emotional disorders and related impairments. (AR 22). Specifically, Dr. Padilla's notations on the form indicate Mr. Sanchez' impairments meet the criteria for depressive syndrome. *Id.* Dr. Padilla indicated that Mr. Sanchez suffers from, among other things: appetite and sleep disturbance; decreased energy; feelings of guilt or worthlessness; and difficultly concentrating or thinking. *Id.* This form corroborates Mr. Sanchez' prior diagnoses of depression and further augments Dr. Rubnick's report. Therefore, this document should have been considered by the Appeals Council.

In sum, the Court finds that each of the five documents presented for review before this Court qualify as new, material, and chronologically pertinent. Specifically, each document either corroborates, augments, or relates to a prior diagnosis or medical opinion that was considered by ALJ Richter. Upon remand, the Appeals Council should consider the additional evidence and determine whether ALJ Richter's decision is supported by substantial evidence.

### V. Conclusion

For the foregoing reasons, the Court finds that the Appeals Council erred in denying review of the newly submitted qualifying evidence.

**IT IS THEREFORE ORDERED** that Mr. Sanchez' *Motion to Reverse and Remand for a Rehearing with Supportive Memorandum*, (Doc. 15), is **GRANTED** and this case is to be **REMANDED** for further administrative proceedings before the Appeals Council consistent with this opinion.

**IT IS SO ORDERED**.

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE